IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ULLICO CASUALTY COMPANY,

          Plaintiff,

      v.

SCOTT & SONS HOLDINGS, LLC,
et al.,

          Defendants.

1:11-cv-2261-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Ullico Casualty Company's

("Ullico") Motion to Stay [29], Iberia Risk Services' Motion to Intervene [30], and

Ullico's Motion for Extension of Time [34].

## I.    BACKGROUND

On July 11, 2011, Ullico filed this action asserting claims against Scott and

Sons Holdings, LLC ("Scott & Sons") for breach of an indemnity agreement.

Ullico is seeking to recover in excess of $1 million based on payments it made to

third-parties pursuant to payment and performance bonds it issued in 2008 to

Scott & Sons for construction projects in Georgia.  On March 4, 2013, Ullico and

Scott & Sons filed a join discovery plan, which indicated that discovery in this

matter would close on July 5, 2013.

On March 15, 2013, Ullico notified the Court that on March 11, 2013, it had been declared insolvent by the Court of Chancery of the State of Delaware, and that the Insurance Commissioner of the State of Delaware had been appointed Receiver.  The Receiver was given exclusive control of Ullico's rights of action in this and any other litigation in which Ullico is involved.  Under the chancery court's order, Ullico's counsel is not authorized to continue prosecuting this case until the Receiver determines how to proceed.  Ullico therefore moved to stay this action.

On March 18, 2013, Iberia Risk Services ("Iberia") moved to intervene as a plaintiff in this case.   In July 2008, Ullico had hired Iberia to act as a managing general underwriter to help grow Ullico's surety business.  In that capacity and with approval from Ullico, Iberia issued the bonds to Scott & Sons and obtained the indemnity agreement that is the basis for Ullico's claim in this case.  In a separate proceeding, Ullico brought claims against Iberia, contending that Iberia failed to implement required underwriting conditions on the Scott & Sons bonds and that these conditions would have protected it from losses in the event that Scott & Sons was unable or unwilling to indemnify Ullico.  Iberia argues that Ullico waived the required underwriting conditions.  A private arbitration panel hired by Ullico and Iberia found in favor of Ullico, and awarded Ullico $1,239,494.56 to be

paid by Iberia for losses incurred on the Scott & Sons bonds (the "Arbitration Award"). Iberia seeks to intervene in this action to seek contribution from Scott & Sons. Iberia also opposes Ullico's motion to stay.

On July 5, 2013, Ullico notified the Court that the Receiver approved moving forward with the prosecution of Ullico's claims against Scott & Sons. Ullico also moved to extend the discovery deadline in this action.

## II.    DISCUSSION

Before the Court are Ullico's motion to stay, Iberia's motion to intervene, and Ullico's motion to extend the July 5, 2013, discovery deadline imposed by the joint discovery plan already filed in this case.

### A.    Ullico's Motion to Stay

Considering the Receiver's decision to approve the prosecution of Ullico's claims against Defendants, the Court denies as moot Ullico's motion to stay this litigation.

### B.    Iberia's Motion to Intervene

Iberia moves to intervene as a Plaintiff in this case, pursuant to Federal Rule of Civil Procedure 24. Iberia's claims against Scott & Sons parallel the claims asserted against Scott & Sons in Ullico's Complaint, and like Ullico's claims, are based on the surety bonds that Iberia issued on behalf of Ullico to Defendants in

2008.  Iberia claims that, in light of the Arbitration Award, if judgment is entered against Scott & Sons in this litigation, Iberia is entitled to credit against the Arbitration Award for any amounts paid to Ullico by Scott & Sons.  Neither Ullico nor Scott & Sons opposes Iberia's motion to intervene.

Federal Rule of Civil Procedure 24(b) provides that a court may allow permissive intervention of a person as a plaintiff if that person has "a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  In determining whether to allow intervention, "the court shall consider, among other things, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Walker v. Jim Dandy Co., 747 F.2d 1360, 1365 (11th Cir. 1984).  The Court finds here Iberia's claims share common question of law and fact with the claims asserted against Scott & Sons by Ullico, and that the claims are based on the same facts and allegations about Scott & Sons' conduct.  That is, Iberia's and Ullico's claims are based on common – if not the same – questions of law and fact.  Fed. R. Civ. P. 24(b).  Given that this litigation is still at the earliest stages, the original parties will not be prejudiced by permitting Iberia to intervene as a plaintiff in this action, and recognizing that neither of the original parties opposes intervention, Iberia's request to intervene is required to be granted.

C.     Ullico's Motion to Extend Discovery

Ullico moves to extend the discovery deadline in this litigation, and Scott & Sons does not oppose Ullico's motion.  Only five days elapsed between the time the parties filed their discovery plan and the date Ullico was ordered into receivership, the action that stalled this litigation.  Recognizing that the original discovery deadline has expired,[1] under the circumstances here, including because Iberia is now a plaintiff in this action, a new deadline and plan is appropriate.  The parties are therefore required to file, on or before October 31, 2013, an amended Preliminary Report and Discovery Plan.  Because of the delay in this case and the need to efficiently process this dispute to a resolution, the Court requires the parties to submit a detailed discovery plan as part of the amended  discovery plan required to be filed.  The Parties are advised to go to the district court's website at www.gand.uscourts.gov.  On the home page, locate the Attorney Information link which will direct you to Preparation for a Civil and/or Criminal Trial Before Judge Duffey.  Here, the Court has provided its Standing Order Regarding Civil Litigation, which describes the contents of the detailed discovery plan the parties

---

[1] After being informed by the Receiver that Ullico would proceed with this litigation, Ullico's counsel moved to extend the discovery deadline to September 3, 2013.  That day too has passed, and the Court thus grants only in part Ullico's motion.

are required to file.  The detailed plan shall be in the form prescribed by paragraph fourteen (14) of the "Case Management" section of the Court's Standing Order Regarding Civil Litigation, and shall provide for the completion of all discovery, fact and expert, if any, on or before December 15, 2013.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Ullico Casualty Company's Motion to Stay [29] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Iberia Risk Services' Motion to Intervene [30] is **GRANTED**.

**IT IS FURTHER ORDERED** that and Ullico's Motion for Extension of Time [34] is **GRANTED IN PART**.  In light of Iberia Risk Services intervention as a plaintiff in this action, the parties shall submit an amended Preliminary Report and Discovery Plan on or before October 31, 2013.

**SO ORDERED** this 30th day of September, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE